UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TAJ VERNE BENFORD, ) | |
| ) | Case No. 3:22-cv-408 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Debra C. Poplin |
| KNOX COUNTY SHERIFF'S OFFICE, ) | |
| TOM SPANGLER, BERNIE LYON, ) | |
| MIKE RUBLE, DAVID AMBURN, ) | |
| BRANDON WORKMAN, WES NORRIS, ) | |
| BRENT GIBSON, WILLIAM PURVIS, ) | |
| and TODD COOK ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM OPINION

Taj Verne Benford, a prisoner proceeding pro se, has filed a civil rights action under 42 U.S.C.§ 1983 (Doc. 2) and two motions seeking leave to proceed *in forma pauperis*. (Docs. 1, 11.) For the reasons set forth below, the Court will **GRANT** Plaintiff's latest-filed motion for leave to proceed *in forma pauperis* (Doc. 11), **DENY** his initial motion (Doc. 1) as moot, and **DISMISS** this action for failure to prosecute and comply with an Order of the Court.

### I. MOTIONS TO PROCEED *IN FORMA PAUPERIS*

It appears from Plaintiff's latest motion for leave to proceed *in forma pauperis* (Doc. 11) that he is unable to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion (Doc. 11) is **GRANTED**, and Plaintiff's initial motion to proceed as a pauper (Doc. 1) is **DENIED** as moot.

Plaintiff is **ASSESSED** the $350.00 civil-filing fee. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, United States District Court, 800 Market

Street, Suite 130, Knoxville, Tennessee 37902, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum opinion to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This Order shall be placed in Plaintiff's file and follow him if he is transferred to another correctional institution.

## II.  FAILURE TO PROSECUTE AND COMPLY WITH AN ORDER OF THE COURT

Plaintiff failed to sign his Complaint as required by Rule 11 of the Federal Rules of Civil Procedure. (Doc. 2, at 7.); *see* Fed. R. Civ. P. 11(a) (requiring every pleading to be signed "by a party personally if the party is unrepresented"). On February 16, 2023, this Court entered an order requiring Plaintiff to affix his handwritten signature to signature page of the Complaint and return it to the Court within fourteen days. (Doc. 13.) The Court also mailed a photocopy of the signature page to Plaintiff. (*Id*. at 1.) However, Plaintiff has not complied with the Court's Order, and the deadline for doing so has passed.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a failure of the plaintiff "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999); *Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sua sponte order of

dismissal under Rule 41(b).") (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll*, 176 F.3d at 363).

Here, consideration of the relevant factors counsels in favor of dismissal. First, Plaintiff's failure to timely comply with the Court's order was due to Plaintiff's willfulness or fault. Plaintiff has chosen not to comply with, or even respond to, the Court's order. Second, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants, as they have not yet been served. Third, the Court's order expressly warned Plaintiff that a failure to timely return a signed copy of the signature page of his complaint would result in the dismissal of this action. (Doc. 13, at 1.) Finally, the Court concludes that alternative sanctions are not warranted, as Plaintiff has failed to comply with the Court's clear instructions.

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Plaintiff's pro se status did not prevent him from complying with the Court's order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

3
Case 3:22-cv-00408-TRM-DCP   Document 14   Filed 03/09/23   Page 3 of 4   PageID #: 48

Accordingly, this action will be **DISMISSED**, and the Clerk is **DIRECTED** to strike Plaintiff's complaint. *See* Fed. R. Civ. P. 11(a) ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the. . . party's attention.").

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**